Johnson, J.
In this case I am of opinion, that the time which .elapsed between 1784 and 1788, is to be added to the time subsequent to the act of 1791, so as to make up the necessary time for supporting the plea of limitation. It is only necessary to recur to the literal signification of the words of the two acts of 1784, and 1788, on this subject. The act of 1784 declares, that the limita *118 tioii shall commence from that time ; but alter running nearly four years, the act of 1788, to use the words of it, suspends its fur. ther operation. The hand óf the clock was arrested at the eleventh, but not put back to the first, hour.
Griiukb, J.
On examination of the limitation acts, relative to personal actions, I think the word “ suspend,” does • not destroy such time as began to run, and which continued to run, between any of the said acts. The act of 1784 declares that no time past shall be Counted; but the remaining acts only declare the time which has begun to run, to be suspended. Between the. acts of 1784, and 1788, there intervened a space of three years, eleven months, and three days, so that' only twenty.seven days were wanting, after the expiration of the 25th March, 1793, when all these suspensions of the limitation of personal actions expired. More than these deficient days expired before the commencement of the action ; and, therefore, the two periods of time, taken together,: making more than four years, the party is barred.
Judgment affirmed.